## HODGES v. GEWIN, Adm'r.

1. A surety to a writ of error bond is not discharged from his liability on the bond because the principal in the judgment, after its affirmance in the appellate court, without the privity or consent of the surety, obtains an injunction out of chancery, to the collection of the judgment.

Error to the Chancery Court of Lawrence county.

The bill was filed by the plaintiff in error, and alleges in substance, that one Henderson, sheriff, and in virtue of his office, administrator of Peter W. Taylor, recovered a judgment in the circuit court of Lawrence, against one Thomas Coopwood, upon which, he prosecuted a writ of error to the supreme court, complainant becoming his surety in the writ of error bond. That the judgment was affirmed in the supreme court against Coopwood and himself. That afterwards Coopwood filed a bill in chancery, and enjoined the collection of all the debt except $1,400, the complainant being no party to the injunction bond. That this bill was dismissed and execution again issued against Coopwood, himself and the parties to the injunction bond, and insists that the execution of the injunction bond discharged him, he being a mere surety to the writ of error bond. The defendant in error is the successor of Henderson.

H.s honor the chancellor, dismissed the bill, considering that if the complainant was entitled to the relief he sought, it could be

obtained by motion to quash the execution in the court out of which it issued.

From this decree this writ is prosecuted.

CAMPBELL, for the plaintiff in error, cited 4 S. & P. 269.
McCLUNG, *contra.*

ORMOND, J.—The case of Winston & Fenwick v. Rives, [4 Stew. & Porter, 269,] determined that the sureties to a writ of error bond, by which a cause was carried from the county to the circuit court, were discharged by the execution of another writ of error bond, with new sureties, from the judgment of the circuit to the supreme court.

We do not propose to enter into an examination of the correctness of the principle laid down in that cause, because, since that decision was made, there has been a material change in the condition of sureties to bonds executed on obtaining a writ of error.

At the time the decision above referred to was made, a *scire facias* was necessary upon the bond, to make the surety liable, but by the act of 1826, [Clay's Dig. 310, § 26.] upon the affirmance of a judgment of an inferior court in this court, judgment is also rendered against the surety in the same manner, and for the same sum for which judgment is rendered against the plaintiff in error; and in the case of Wiswall v. Monroe, [4 Ala 9,] we held that the judgment of the inferior court was merged in the judgment of this court. In effect then, it is the same as if the surety had been a party to the original judgment, and his duties, rights and obligations, are precisely the same as those of the original defendant, as it regards the plaintiff in the judgment, although, as between himself and the original defendant, the relation of principal and surety may continue.

We are not called on in this case, to say whether the *merger* of the bond in the judgment, so completely identifies the surety with his principal, that he could not complain of a contract for delay between his principal and the plaintiff in the judgment. For be that as it may, we think it is perfectly clear that no such result can follow by mere operation of law.

The delay which is caused by the granting of an injunction, is neither in fact nor in law, the act of the plaintiff to the judgment; it is a delay caused by the act of the chancellor without his consent

and against his will.   But if the surety be in fact prejud.ced by the delay caused by the injunction, it is an injury resulting from his undertaking as surety to the writ of error bond, by which he agreed, that if the judgment was affirmed against his principal, it might also be affirmed against him.   Whether he had the right of discharging the judgment, to prevent his principal by further litigation from increasing his responsibility, is a question not necessary to be determined, and is one in which the plaintiff in the judgment has no interest.

The further view taken by the chancellor is correct—that if the law was as contended for, the remedy could be obtained in the court out of which the execution issued by a *supersedeas*, and there was, therefore, no necessity to resort to a court of chancery.

Let the decree of the chancellor dismissing the bill, be affirmed.